IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>ADEWALE ANIYELOYE,<br><br>          Defendant. | 8:16CR305<br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on defendant Adewale Aniyeloye's ("Aniyeloye") Motion to Modify Term of Imprisonment and Appointment of Counsel (Filing No. 87). Aniyeloye seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018 ("First Step Act"), Pub. L. 115-391, 132 Stat. 5194 (2018). For the reasons stated below, Aniyeloye's motion is denied.

I.   BACKGROUND

Aniyeloye pleaded guilty to five counts of wire fraud, in violation of 18 U.S.C. § 1343, and one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349. His plea agreement was made pursuant to Federal Rules of Criminal Procedure Rule 11(c)(1)(C), whereas the parties agreed Aniyeloye would receive a sentence of not less than 72 months and not more than 109 months. On February 13, 2019, the Court sentenced Aniyeloye to ninety-six months on each of the six counts, to be served concurrently. He did not appeal.

Aniyeloye now seeks a sentence reduction under § 3582(c)(1)(A), claiming he is entitled to compassionate release given his "extraordinary acceptance of responsibility." He claims that this is evidenced by virtue of his pleading guilty to six counts and "waiving" what he views as a jurisdictional defect in the charges against him.

## II. DISCUSSION

As amended by the First Step Act, § 3582(c)(1)(A)(i) permits Aniyeloye to move for a sentence reduction after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [("BOP")] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of [his] facility, whichever is earlier." Aniyeloye states he made such a request to his warden and 30 days have passed since that date. The Court assumes Aniyeloye has met the statutory requirements and considers whether he has demonstrated extraordinary and compelling reasons to release him under the circumstances of this case.

In deciding whether to grant a reduction, the Court considers the relevant factors set out in 18 U.S.C. § 3553(a), including the nature and circumstances of the offenses of conviction; the defendant's history and characteristics; and the need for the sentence to reflect the seriousness of the crime, to promote respect for the law, and to provide just punishment for the offense. A defendant's sentence should also deter criminal conduct, protect the public from future crime by the defendant, and promote rehabilitation. *Id*.

The Court also considers whether the defendant presents "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," U.S.S.G. § 1B1.13(2), and must ensure any relief is "consistent with applicable policy statements issued by the [United States] Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A). The first application note to § 1B1.13[1] lists four general categories of qualifying circumstances: (1) the defendant's terminal illness or other serious medical condition; (2) the defendant's advanced age and deteriorating health; (3) dire family circumstances; and (4) other "extraordinary and compelling" reasons as determined by the BOP Director. U.S.S.G. § 1B1.13 cmt. n.1. The defendant's rehabilitation may be relevant but "is not, by itself, an

---

[1]This policy statement predates the First Step Act and does not govern the Court's review of Aniyeloye's request. The Court nonetheless finds it helpful in deciding whether to reduce his sentence. *See United States v. Jenkins*, No. 4:15-CR-3079, 2020 WL 2814437, at *3 (D. Neb. May 26, 2020).

extraordinary and compelling reason for purposes of [§ 1B1.13]." *Id*. § 1B1.13 cmt. n.3; *see also United States v. Saldana*, No. 19-7057, 2020 WL 1486892, at *3 (10th Cir. Mar. 26, 2020); 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.").

Aniyeloye argues he is entitled to a sentence reduction based upon his "extraordinary acceptance of responsibility." In support, Aniyeloye notes that he pleaded guilty "to all counts in the indictment," which he believes is atypical and "outside the heartland of U.S.S.G. Section 3E1.1." He also urges the Court to grant him a sentence reduction because "[h]ad Defendant appealed, he would have been successful in having his sentence and conviction vacated, and he would not currently be in custody." The Court finds no basis for that hollow assertion. Having carefully reviewed the record in this case and the submissions by Aniyeloye, and with the foregoing factors in mind, the Court finds that Aniyeloye has not presented extraordinary and compelling reasons for release. Aniyeloye's request for counsel is denied.

Accordingly, Aniyeloye's Motion to Modify Term of Imprisonment and Appointment of Counsel (Filing No. 87) is denied.

IT IS SO ORDERED.

Dated this 17th day of December 2021.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge